CASSON, Etc. et al. *v.* HORTON

[No. 40, September Term, 1961.]

*Decided November 7, 1961.*

The cause was argued before HENDERSON, HAMMOND, HORNEY, MARBURY and SYBERT, JJ.

*Julius G. Maurer,* with whom were *John L. Moring, Jr.,* and *Callanan & Pitcher* on the brief, for the appellants.

*Frederick J. Green, Jr.,* with whom were *Alva P. Weaver, III,* and *Lord, Whip, Coughlan & Green* on the brief, for the appellee.

PER CURIAM.

Mrs. Casson was injured when she drove her automobile into a parked truck. She and her collision carrier sued for personal injuries and damages, and her husband for medical expenses and loss of services. On the first day of trial, February 20, 1961, she testified fully, in both direct and cross examination. That night she had a heart attack, and her counsel sought a continuance. Upon being informed that other witnesses were not available, because they had been told by the plaintiffs not to appear, the trial court stated that the case would be carried over until February 23rd, but that no further continuance would be granted. On February 23rd, counsel requested a further continuance on the ground that Mrs. Casson was unable to appear; that he had summoned other witnesses, but had learned that Mrs. Casson had told them to disregard the summons; that Mr. Casson was present but declined to testify unless his wife was present. The motion was denied, and a motion for directed verdict, offered by the defendant, was granted.

The sole question presented is whether the trial court abused its discretion in denying the motion for continuance. Mrs. Casson had no absolute right to be present. *Gorman v.*

*Sabo,* 210 Md. 155. It seems to be conceded that there was no legally sufficient evidence to take the case to the jury, on the basis of her testimony at the trial. If she took the stand to contradict her prior testimony in material respects, it might be deemed so unworthy of belief as to justify withdrawal from consideration by the jury on that ground alone. *Olney v. Carmichael,* 202 Md. 226, 232. There were no eyewitnesses to the accident, and it does not appear that the testimony of other witnesses would have made out a case. There is no showing of prejudicial error in the denial of the continuance. Cf. *Eastover Co. v. All Metal Fabr.,* 221 Md. 428. Moreover, there was no attempt to comply with Maryland Rule 527 c.

*Judgments affirmed, with costs.*